UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

EMMA BANEGAS CONTRERAS,        )
                               )
            Plaintiff,         )
    vs.                        )
                               )
WILLIAM MASSRY,                )
JODI MACKEN a/k/a JODI MASSRY, )
                               )
            Defendants.        )
_____)

**COMPLAINT UNDER 29 U.S.C. 201- 216 MINIMUM WAGE VIOLATIONS**

Plaintiff, EMMA BANEGAS CONTRERAS, through undersigned counsel, files this Complaint against Defendants, WILLIAM MASSRY and JODI MACKEN a/k/a JODI MASSRY, and alleges:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiff was a resident of Miami-Dade County, Florida at the time that this dispute arose.

3. The Defendant WILLIAM MASSRY resides in and/or regularly transacts business within Miami-Dade County. Upon information and belief, the Defendant was the FLSA employer for Plaintiff's respective period of employment ("the relevant time period").

4. The Defendant JODI MACKEN a/k/a JODI MASSRY resides in and/or regularly transacts business within Miami-Dade County. Upon information and belief, the Defendant was the FLSA employer for the relevant time period.

5. All acts or omissions giving rise to this dispute took place in Miami-Dade County.

**COUNT I. FEDERAL MINIMUM WAGE VIOLATION**

6. This action arises under the laws of the United States.

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

8. 29 U.S.C. § 206 (a) (1) states "…an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce..." [29 U.S.C. § 206 (a) (1)]". On July 24, 2007 Federal minimum wage was raised to $5.85/hr. On July 24, 2008, Federal minimum wage was raised to $6.55/hr. On July 24, 2009, Federal minimum wage was raised to $7.25/hr.

9. Plaintiff worked for Defendant as a domestic live-in housekeeper at Defendant's residence from on or about March 25, 2014 through on or about December 2, 2016.

10. 29 U.S.C. 202 (a) states "[t]hat Congress further finds that the employment of persons in domestic service in households affects commerce." As Plaintiff was employed by Defendant as a domestic service employee, Plaintiff's work for Defendant is covered under the Fair Labor Standards Act.

11. 29 C.F.R. 552.99 states "Congress in section 2(a) of the Act specifically found that the employment of persons in domestic service in households affects commerce. In the legislative history it was pointed out that employees in domestic service employment handle goods such as soaps, mops, detergents, and vacuum cleaners that have moved in or were produced for interstate commerce and also that they free members of the household to themselves to engage in activities in interstate commerce (S. Rep. 93-690, pp. 21-22). The Senate Committee on Labor and Public Welfare "took note of the expanded use of the interstate commerce clause by the Supreme Court in numerous recent cases (particularly

*Katzenbach v. McClung*, 379 U.S. 294 (1964))," and concluded "that coverage of domestic employees is a vital step in the direction of ensuring that all workers affecting interstate commerce are protected by the Fair Labor Standards Act" (S. Rep. 93-690, pp. 21-22)."

12. Additionally, Plaintiff's work for the Defendant affected interstate commerce for the relevant time period because the materials and goods that Plaintiff handled and/or used on a constant and/or continual basis and/or that were supplied to Plaintiff by the Defendant to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. Plaintiff's work for the Defendant was actually in and/or so closely related to the movement of commerce while she worked for the Defendant that the Fair Labor Standards Act applies to Plaintiff's work for the Defendant.

13. 29 C.F.R. 785.22 states also that "[w]here an employee is required to be on duty for 24 hours or more, the employer and the employee may agree to exclude bona fide meal periods and a bona fide regularly scheduled sleeping period of not more than 8 hours from hours worked, provided adequate sleeping facilities are furnished by the employer and the employee can usually enjoy an uninterrupted night's sleep. If sleeping period is of more than 8 hours, only 8 hours will be credited. Where no expressed or implied agreement to the contrary is present, the 8 hours of sleeping time and lunch periods constitute hours worked. If the sleeping period is interrupted by a call to duty, the interruption must be counted as hours worked. If the period is interrupted to such an extent that the employee cannot get a reasonable night's sleep, the entire period must be counted." It further states that "if the employee cannot get at least 5 hours' sleep during the scheduled period the entire time is working time."

14. Between the period of on or about March 25, 2014 through on or about December 2, 2016, except for the last week, Plaintiff worked an average of 84 hours a week for the Defendants.

Plaintiff was paid an average of $5.35/hr for said work in violation of the Fair Labor Standards Act as said payment of $5.35/hr did not meet the applicable Federal Minimum Wage required for said period of time. Therefore, Plaintiff claims the difference between the amount paid to Plaintiff and the applicable minimum wage for all hours works for said time period.

15. For the last week between the period of on or about March 25, 2014 through on or about December 2, 2016, Plaintiff worked an average of 84 hours a week for the Defendants. Plaintiff was paid an average of $0.00/hr for said work in violation of the Fair Labor Standards Act as said payment of $0.00/hr did not meet the applicable Federal Minimum Wage required for said period of time. Therefore, Plaintiff claims the difference between the amount paid to Plaintiff and the applicable minimum wage for all hours works for said time period.

16. The Defendants' wage payment practices to Plaintiff for this time period did not meet the federal minimum wage law requirements as Plaintiff was not paid the required federal minimum wage for all hours worked and is therefore claiming federal minimum wage violations.

17. Defendants willfully and intentionally refused to pay Plaintiff's minimum wages as required by the Fair Labor Standards Act as Defendant knew of the Federal Minimum Wage requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the time period specified above.

Wherefore, Plaintiff requests double damages and reasonable attorney fees from the Defendants, jointly and severally, pursuant to the Fair Labor Standards Act and as cited above, to be proven at the time of trial for all minimum wages still owing from Plaintiff's entire employment period with Defendants or, as much as allowed by the Fair Labor Standards Act -- whichever is greater along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury*.

Respectfully Submitted,

J.H. Zidell, Esq.
J.H. Zidell, P.A.
Attorney For Plaintiff
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
E-mail: zabogado@aol.com

By:__/s/ J.H. Zidell_____
    J.H. Zidell, Esq.
    Florida Bar Number: 0010121